ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN -7 AM 9:06

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| EVERALD DICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 306-045 |
| ) | |
| MICHAEL PUGH, Warden; BUREAU OF ) | |
| PRISONS; McRAE CORRECTIONAL ) | |
| FACILITY; and UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has filed an action under 28 U.S.C. § 2241. Petitioner seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED** as **MOOT** and that the instant petition be **DISMISSED**.

### I. BACKGROUND

Following his conviction in the Southern District of Florida for illegally reentering the United States in violation of 8 U.S.C. § 1326, Petitioner appealed to the Eleventh Circuit, which affirmed his conviction. See United States v. Dicks, 338 F.3d 1256 (11th Cir. 2003) (*per curiam*), *cert. denied*, 540 U.S. 1200 (2004). Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied. See Dicks

v. United States, No. 04-CV-6113 (S.D. Fla. Nov. 12, 2004), *cert. of appealability denied*, No. 05-10377-I (11th Cir. Apr. 28, 2005), *recon. denied*, (11th Cir. Jun. 14, 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 270 (Oct. 3, 2005). In the instant petition, Petitioner argues that his conviction is invalid because his speedy trial rights were violated and because he received ineffective assistance of counsel. (Doc. no. 1, p. 3.) The Court resolves the matter as follows.

**II.   DISCUSSION**

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are also subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353,

2

1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)).

Here, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. Nor does any reason to suppose that Petitioner is entitled to proceed under § 2241 leap out of his petition. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP (doc. no. 2) be **DENIED** as **MOOT** and that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 7th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE